IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 03-269 |
| ) | |
| JOSEPH SHIBLEY ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant Joseph Shibley's pro se supplemental letter motion for return of property (Document No. 27) and his second supplemental letter motion for return of property (Document No. 34). For the reasons explained herein, Shibley's motions will be denied.

By way of background, on November 19, 2004, Shibley filed a motion for return of property in which he requested that the government return computer equipment that was seized by the United States Secret Service from his apartment when he was arrested on May 8, 2002. The government filed a response to Shibley's motion which indicated that he should contact Secret Service Special Agent Eric Fuchs to make arrangements for the retrieval of his computer. By order dated February 3, 2005, this court granted Shibley's motion and directed that he contact Special Agent Fuchs to arrange for the retrieval of his computer equipment. The court's order provided Shibley with Special Agent Fuchs' address and telephone number.

Subsequently, Shibley filed a motion to amend the court's

February 2005 order. By his motion, Shibley claimed that the Secret Service seized computer and other electronic equipment that was not specified in the court's order. Shibley identified twelve items that were seized. Shibley requested that the court amend its February 2005 order to include all seized items. In response to Shibley's motion to amend, the government stated that to the extent it still possessed any non-contraband evidence taken from Shibley, it was not opposed to the granting of his motion.

The court entered its February 2005 order based on Shibley's general request in his first motion for return of property to obtain his computer equipment that was seized by the Secret Service. Shibley did not otherwise specify the property he sought to retrieve. In light of Shibley's more detailed request for return of seized property as set forth in his motion to amend the court's February 2005 order, and the government's response thereto, the court entered an order on March 23, 2005 granting Shibley's motion to the extent that the government still was in possession of any of his computer or other electronic equipment that was non-contraband in nature. See <u>United States v. Chambers</u>, 192 F.3d 374, 376 (3d Cir. 1999) (holding that property seized by the government as part of a criminal investigation must be returned once criminal proceedings have concluded unless it is contraband or subject to forfeiture).

Subsequently, Shibley submitted his supplemental letter

AO 72
(Rev. 8/82)

motion for return of property which is presently before the court. According to Shibley, he retrieved a portion of his property from the Secret Service on May 2, 2005, but despite several conversations with Special Agent Fuchs, he has not received "the rest of [his] property." In an attachment to the supplemental letter motion, Shibley states that the following items were not returned: a Compact laptop computer; a Palm Pilot; a digital Cannon camera; an external DVD burner; and a power cord for a printer/scanner. Shibley also claims that his desktop computer that was returned does not work. By his supplemental letter motion, Shibley seeks to retrieve the property that he claims was not returned to him. In addition, Shibley submitted a second supplemental letter motion for return of property (Document No. 34), in which he requests to be compensated in the amount of $1,800 if the government cannot find the rest of his property.

In responding to a defendant's motion for return of property, the government cannot claim without documentary support that it no longer possesses the property. Chambers, 192 F.3d at 377-78. If the government claims it no longer possesses the property at issue, the court must determine whether the property is, in fact, in the government's possession; and if not, then what happened to the property. Id. at 378. The court may be required to conduct an evidentiary hearing to make these determinations; however, a hearing is not required in all instances, and documentary evidence

may be sufficient to support the court's findings. <u>United States v. Albinson</u>, 356 F.3d 278, 282 (3d Cir. 2004).

In its response to the supplemental letter motion for return of property (Document No. 32), the government states that the Secret Service did not seize the items Shibley claims he is owed. In support of its position, the government attached to its response as Exhibit 1 the inventory of items taken from Shibley's apartment during the search.

After reviewing the parties' arguments in this case, the court concludes that the government has demonstrated by documentary evidence that it does not have possession of the property Shibley claims was not returned to him. None of the items that Shibley claims he is owed are listed on the inventory attached as Exhibit 1 to the government's response. The inventory bears Shibley's signature, indicating that he acknowledged the items that were seized from his apartment. Thus, the inventory makes clear that the government never seized the items in question. Accordingly, Shibley's supplemental letter motion for return of property will be denied.

With respect to Shibley's request that he be compensated in connection with the property that he claims he is owed, that request also will be denied. In addition to the fact that the government does not possess the property in question, the Third Circuit has held that sovereign immunity precludes an award of

4

monetary damages against the government in the context of a motion for return of property. United States v. Bein, 214 F.3d 408, 414-15 (3d Cir. 2000).

An appropriate order will follow.

O R D E R

AND NOW, this 27th day of August, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that Shibley's supplemental letter motion for return of property (Document No. 27) and second supplemental letter motion for return of property (Document No. 34) be, and the same hereby are, denied.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  Michael Leo Ivory
     Assistant U.S. Attorney

     Joseph Shibley
     Federal Correctional Institution-Beckley
     P.O. Box 350
     Beaver, WV  25813

     Joseph Jeff Harris, Esq.
     P.O. Box 4522
     Morgantown, WV 26504

AO 72
(Rev. 8/82)